IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONISHA DALCOE,<br><br>Plaintiff,<br><br>v.<br><br>NEW PRIME, INC.<br><br>Defendant. | CAFN: 19-CV-00549-AT |

**PLAINTIFF AND DEFENDANT'S JOINT DISCOVERY STATEMENT**

COME NOW, Defendant New Prime, Inc., and Plaintiff Monisha Dalcoe, and pursuant to section (e) of this Honorable Court's Standing Order, hereby file the following Joint Discovery Statement.

**I. EVIDENTIARY DEPOSITION OF DR. SHAHRAM REZAIAMIRI**

A.  This litigation arises from a motor vehicle collision which occurred July 14, 2017 between Plaintiff and William Stanford, who was driving on behalf of Defendant New Prime, Inc. [Doc. 1, Exhibit "A," ¶ ¶ 6 – 9]. Plaintiff filed her Complaint December 28, 2018 and on January 21, 2019, before Defendant filed its Answer and before discovery commenced, counsel for Plaintiff inquired about setting up "medical depositions" for Plaintiff's treating physicians. [Email from office of Plaintiff's counsel, attached as Exhibit "A"]. At the early planning

conference on February 13, 2019, counsel for both parties discussed that the "medical deposition" about which Plaintiff inquired would be an evidentiary deposition for use at trial and that it made sense to wait until discovery had completed before evidentiary depositions took place. However, Plaintiff's counsel inquired again in April 2019 about setting up an evidentiary deposition of Plaintiff's hand surgeon because his "memory was fresh" from a recent surgery, and Defendant agreed so long as its cross-examination could be completed once discovery was complete.  [Email from office of Plaintiff's counsel, attached as Exhibit "B"]. The direct examination for the evidentiary deposition of Plaintiff's surgeon, Dr. Ugonwali was completed on July 8, 2019.

After counsel for the parties recently exchanged emails about an additional evidentiary deposition of Plaintiff's physician, and undersigned counsel indicated opposition to further evidentiary depositions before discovery was completed, Plaintiff filed a Notice of Deposition for the physician for December 5, 2019. [Email Thread, attached as Exhibit "C;" Doc. 21]. By agreement of the parties, Plaintiff is scheduled to be deposed on December 11, 2019 and the parties are still awaiting dates for at least one other discovery deposition to be completed. [Doc. 20]. Plaintiff has also indicated an intention to conduct at least two additional evidentiary depositions of Plaintiff's physicians before discovery expires on

January 3, 2020. [September 3, 2019 Docket Entry; Email from Plaintiff's Counsel attached as Exhibit "D"].

Defendant contends evidentiary depositions of Plaintiff's physicians being conducted to the completion of discovery will cause Defendant to be disadvantaged in its defense of this case. Plaintiff seeks to hold an evidentiary deposition of Plaintiff's physicians before Plaintiff's deposition has even taken place and before Defendant has obtained all her medical records – Defendant cannot possibly conduct an informed cross-examination under these circumstances. And while, in the spirit of cooperation, Defendant agreed to Plaintiff's counsel conducting a direct examination of Dr. Ugonwali, conducting further evidentiary depositions in two parts causes the parties to incur double the expense and is a waste of resources. Therefore, Defendant respectfully requests the Court enter an order quashing Plaintiff's Notice of Deposition for December 5, 2019.

Defendant has requested Plaintiff complete her portion of the Joint Discovery Statement, but Plaintiff has advised she has not had an opportunity to complete it since Defendant first requested it on November 21, 2019. [Email Thread attached as Exhibit "E"]. Given the upcoming holiday and the deposition being noticed for December 5, 2019, Defendant has filed this Discovery Statement and requested Plaintiff provide her portion when she has an opportunity. *Id.*

B. [Plaintiff's position here].

This 25th day of November, 2019.

        Respectfully submitted,
        **SWIFT, CURRIE, McGHEE & HIERS, LLP**

        */s/ Elizabeth L. Bentley*
By: _____
        RICHARD C. FOSTER, ESQ.
        State Bar No.: 271057
        ELIZABETH L. BENTLEY, ESQ.
        State Bar No.: 828730
        **Swift, Currie, McGhee & Hiers, LLP**
        1355 Peachtree Street NE, Suite 300
        Atlanta, Georgia 30309
        (404) 874-8800 Phone / (404) 888-6199 Fax
        *richie.foster@swiftcurrie.com*
        *beth.bentley@swiftcurrie.com*
        ***Attorneys for Defendant***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MONISHA DALCOE, <br><br> Plaintiff, <br><br> v. <br><br> NEW PRIME, INC. <br><br> Defendant. | CAFN: 19-CV-00549 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Joint Discovery Statement** upon all parties to this matter by filing same with the Clerk of Court using the CM/ECF (Pacer) system which will send an electronic copy to counsel of record as follows:

Chauncey Napoleon Barnwell, Esq.
BROWN BARNWELL, P.C.
30 Perimeter Park Dr., Suite 205
Atlanta, Georgia 30341

This 25th day of November, 2019.

By: */s/ Elizabeth L. Bentley*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
**Swift, Currie, McGhee & Hiers, LLP**