# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MONISHA DALCOE,<br><br>Plaintiff,<br><br>v.<br><br>NEW PRIME, INC.<br><br>Defendant. | CAFN: 1: 19-CV-00549-AT |

## MOTION TO EXTEND DISCOVERY

COMES NOW, Defendant New Prime, Inc. and files this Motion to Extend Discovery, showing this Honorable Court the following:

**1.**

Plaintiff's Complaint in this matter was filed December 28, 2018 in Clayton County State Court and Defendant removed the case to this Court on February 1, 2019. [Doc. 1]. Discovery in this case began March 4, 2019 and was originally set to expire on September 4, 2019. [Doc. 6; L. R. 26.2 (A)]. Per this Court's Order, the discovery period was extended and now expires January 3, 2020. [September 3, 2019 Docket Entry].

**2.**

The parties have pursued discovery in this case, including conducting

written discovery of the parties, written discovery of non-party entities, and taking and scheduling depositions. To date, three depositions have been completed.

**3.**

On July 18, 2019, Plaintiff served her First Amended Response to Defendant's Interrogatories which identified Jeffrey A. Kidd of Collision Specialists, Inc. as an expert in "safe driving practices." (Plaintiff's First Amended Response to Defendant's Interrogatories, P3, attached hereto as Exhibit "A"). Plaintiff did not attach any written report of Jeffrey Kidd, which should have contained Kidd's "complete statement of all opinions" as well as the "facts or data that will considered by the witness in forming them," as required by Rule 26 (a)(2)(A) of the Federal Rules of Civil Procedure. (Exhibit "A," noting that "Plaintiff is unable to give a summary of the grounds for Mr. Kidd's expert opinion without the benefit of a videotaped deposition.")

**4.**

Defendant first requested a date for Mr. Kidd's discovery deposition on July 30, 2019. (July 30, 2019 Email from Elizabeth Bentley, attached as Exhibit "B."). Numerous subsequent requests to schedule Mr. Kidd's discovery deposition were made on six additional occasions in August 2019, October 2019 and December

2019, but no discovery deposition was ever finalized for Mr. Kidd.[1]

**5.**

During the most recent discussion between Plaintiff and Defendant's counsel, Plaintiff indicated Mr. Kidd would be available for his deposition in "the third and fourth week of January." (December 19, 2019 Email Correspondence at 3:58 p.m. between Chauncey Barnwell, Esq. and Elizabeth Bentley, attached as Exhibit "C."). However, despite the fact that the discovery period in this case currently expires on January 3, 2020, and that Plaintiff has been advised of Defendant's need to conduct additional discovery based on Mr. Kidd's opinions, retain a rebuttal expert, and consider whether a *Daubert* motion should be filed, Plaintiff indicated by email correspondence that she will not consent to an extension of the discovery period. *Id.* at 4:06 p.m. and 4:49 p.m.

---

[1] In consideration of the brevity of exhibits for this Motion to Extend the Discovery Period, Defendant attached only the first and last correspondence requesting deposition dates for Mr. Kidd. Defendant will be happy to provide copies of the additional correspondences requesting deposition dates at the Court's request.

**6.**

Plaintiff has not provided a reason for not consenting to this request for an extension of the discovery period.

**7.**

Defendant has attempted to exercise courtesy, candor and common sense in completing discovery and scheduling depositions and it is not Defendant's intention to bring yet another discovery dispute before the Court. Instead, Defendant merely wishes to extend discovery to accomplish the remaining discovery which has not yet been completed and, therefore, respectfully requests the Court extend the discovery period for this case for an additional ninety days, until April 3, 2020, so that Mr. Kidd's discovery deposition can be completed and additional discovery can be completed if necessary.

**8.**

As noted above, there has been one previous request for a four month extension of the discovery period. [Doc. 18]. Plaintiff consented to the request and this Court granted the request on September 3, 2019. [Doc. 18].

This 23rd day of December, 2019.

*(Signature on following page)*

Respectfully Submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Elizabeth L. Bentley*

RICHARD C. FOSTER, ESQ.
State Bar No.: 271057
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax
*richie.foster@swiftcurrie.com*
*beth.bentley@swiftcurrie.com*
***Attorneys for Defendant***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MONISHA DALCOE,<br><br>       Plaintiff,<br><br>v.<br><br>NEW PRIME, INC.<br><br>       Defendant. | CAFN: 1: 19-CV-00549-AT |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Motion to Extend Discovery** upon all parties to this matter by filing same with the Clerk of Court using the CM/ECF (Pacer) system which will automatically send an electronic copy of same to all counsel of record and parties as follows:

C. NAPOLEON BARNWELL, ESQ.
BROWN BARNWELL, P.C.
30 Perimeter Park Drive, Suite 205
Atlanta, Georgia 30341

This 23rd day of December, 2019.

       */s/ Elizabeth L. Bentley*
By: _____
       ELIZABETH L. BENTLEY, ESQ.
       State Bar No.: 828730
       **SWIFT, CURRIE McGHEE & HIERS, LLP**