# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MONISHA DALCOE, | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-CV-0549-AT |
| NEW PRIME, INC., | |
| Defendant. | |

### PLAINTIFF'S MOTION IN LIMINE
### TO EXCLUDE DEFENDANT'S EXPERT WITNESSES

**COMES NOW**, Plaintiff, Monisha Dalcoe, by and through undersigned counsel, and pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and Rule 26.2(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, moves this Honorable Court to enter an order precluding the Defendant, New Prime Inc., from proffering or tendering any expert testimony or any other undisclosed expert for whom Defendant did not make a timely and complete disclosure to Plaintiff prior to the end of the court-ordered discovery period.

Rule 26(a)(2) requires that a party seeking to present expert testimony make certain disclosures to the opposing party.  *See* Fed. R. Civ. P. 26(a)(2).  Moreover, a party is also required to supplement any prior disclosures regarding expert testimony to modify and/or correct same as appropriate.  *See* Fed. R. Civ. P. 26(e)(2).  As

1

relevant here, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Local Rule 26.2(C) also governs the timing of expert disclosures and provides as follows:

> Any party who desires to use the testimony of an expert witness shall designate the expert *sufficiently early in the discovery period* to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness *sufficiently in advance of the close of discovery* so that a similar discovery deposition of the second expert might also be conducted *prior to the close of discovery*.

LR 26.2(C), NDGa (emphasis added). *See also Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009) (holding that Rule 26(a)(2) "correlates with local rule 26.2, which mandates that expert opinions must be disclosed sufficiently early in the discovery period to allow the opposing party to react before the close of discovery, under penalty of exclusion.").

In the instant case, this Court entered an Order to Extend Discovery until January 31, 2020. [Doc. 37 & Order (Dkt. Entry Only), entered 01/22/2020.] As part of its discovery requests, Plaintiff asked Defendant about any expert witnesses it intended to rely on in the matter. [Plf.'s First Interrogs. to Def. ¶ 9; Plf.'s First Req. for Prod. of Docs. to Def. ¶ 9.] Yet it was not until March 17, 2020, almost two months after the close of discovery on January 31, 2020, that Defendant first sought to disclose three (3) expert witnesses: Kevin L. Stevenson, Mireille E. Kelley and Emmanuel J. Manuel. [Def. New Prime Inc.'s Second Supp. Resp. to Plf.'s First

Interrogs.; Def. New Prime Inc.'s Second Supp. Resp. to Plf.'s First Req. for Prod. of Docs.]

Significantly:

If a party fails to provide information or identify a witness as required by Rule 26(a) and (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Similarly, this Court's Standing Order expressly and unambiguously states that "[t]he Court does not allow evidence at trial which was requested and not revealed during the discovery period." [Doc. 3, p.14.]

Being that the discovery period closed almost two months prior to Defendant's disclosure of Kevin L. Stevenson, Mireille E. Kelley, Emmanuel J. Manuel, Defendant's tardy disclosure cannot be deemed harmless, for Plaintiffs cannot react to Defendant's disclosure within the discovery period. *See Black's Law Dictionary* (11th ed. 2019) (defining "harmless error" as "error that does not affect a party's substantive rights or the case's outcome"). And being that Defendant "knew or should have known that an expert was necessary before the late stages of the discovery period," *Morrison v. Mann*, 244 F.R.D. 668, 673 (N.D. Ga. 2007), Defendant's tardiness is not substantially justified.

Therefore, in the instant case, Defendant should be prohibited from tendering or proffering expert testimony from Kevin L. Stevenson, Mireille E. Kelley, and/or Emmanuel J. Manuel due to its untimely disclosure of such experts. *See, e.g.*, *United*

*States v. An Easement and Right-of-Way Over 1.58 Acres of Land*, 343 F. Supp. 3d 1321, 1336-38 (N.D. Ga. 2018) (party's failure to timely disclose testimony of experts during discovery phase of proceedings precluded him from offering the same witnesses at trial); *Mann*, 588 F.3d at 1310-11 (affirming trial court's ruling to exclude expert testimony not disclosed until months after the discovery deadline had passed).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order as follows:

A. Grant Plaintiff's Motion in Limine to Exclude Defendant's Expert Witnesses;

B. Prohibit Kevin L. Stevenson, Mireille E. Kelley, and/or Emmanuel J. Manuel from offering expert testimony or opinion, verbal or written, in the above-captioned litigation;

C. Prohibit Defendant and its legal counsel from introducing or referring in any way to the expert testimony or opinions of Kevin L. Stevenson, Mireille E. Kelley, and/or Emmanuel J. Manuel in the trial of the above-captioned litigation; and

D. Grant Plaintiff any other and further relief the Court deems just and equitable.

Respectfully submitted this 19th day of July, 2020.

[THE SIGNATURE BLOCK FOLLOWS THIS PAGE]

**BROWN BARNWELL, P.C.**

/s/ C. Napoleon Barnwell, Esq.
C. Napoleon Barnwell, Esq.
Georgia Bar No.: 728188

BROWN BARNWELL, P.C.
30 Perimeter Park Dr.
Suite 205
Atlanta, GA  30341
T: (470) 406-6384
F: (866) 468-9898

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MONISHA DALCOE, | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-CV-0549-AT |
| NEW PRIME, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXPERT WITNESSES** upon all parties via electronic mail thereto:

Elizabeth L. Bently, Esquire
Richard C. Foster, Esquire
Beth.Bently@swiftcurrie.com
Richie.Foster@swiftcurrie.com

This 19th day of July, 2020.

**BROWN BARNWELL, P.C.**

/s/ C. Napoleon Barnwell, Esq.
C. Napoleon Barnwell, Esq.
Georgia Bar No.: 728188

BROWN BARNWELL, P.C.
30 Perimeter Park Dr.
Suite 205
Atlanta, GA 30341
T: (470) 406-6384
F: (866) 468-9898