# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| MONISHA DALCOE, | |
| Plaintiff, | |
| v. | CAFN: 1: 19-CV-00549-AT |
| NEW PRIME, INC. | |
| Defendant. | |

## DEFENDANT NEW PRIME, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND JURY VERDICT

COMES NOW, Defendant New Prime, Inc., and files its Response in Opposition to Plaintiff's Motion to Amend Jury Verdict.

## INTRODUCTION

In Plaintiff's second post-trial motion to increase the amount of the jury's verdict, Plaintiff now seeks to object to the instructions read to the jury guiding them on apportioning fault among the parties. However, Plaintiff's Motion should be denied because Plaintiff's counsel indicated multiple times to the Court during trial that Plaintiff was in agreement with the jury charges at issue, made no objection to the verdict form which allowed the jury to apportion fault to Plaintiff, and Plaintiff even submitted her own verdict form with a space for the jury to

apportion fault.

Furthermore, Plaintiff wholly ignores the evidence which supports the jury's verdict – eyewitness testimony from William Stanford that Plaintiff was not in the lane when he started making his lane change and that she must have been moving into the lane at the same moment he moved into the lane.

## STATEMENT OF RELEVANT FACTS

The Court is aware of the facts underlying this litigation and the collision which involved Plaintiff and William Stanford. New Prime filed its Answer on January 31, 2019 and asserted contributory negligence and failure to exercise ordinary care as defenses to Plaintiff's allegations. [Doc. 2, P2]. At trial, New Prime's driver, William Stanford, testified as to how the collision occurred. [Doc. 142, PP108, L17 through 145, L6]. When the collision occurred, Stanford was trying to make a lane change to the right because a car up ahead had abruptly slammed on its brakes. [Doc. 142, P120, LL5-11]. Stanford testified before he started to move over, he waited for another car in the lane to his right to pass, then he checked his mirrors again, determined the lane was clear, and started to move over. [Doc. 142, P120, LL9-17]. As he was moving over, he heard a noise and realized the collision occurred. *Id.*

There was direct evidence from Stanford's testimony that his truck did not have a blind spot and that the lane was clear when he started making his lane change. [Doc. 142, P121, L15-23]. There were three mirrors placed on the truck: one on the hood which allowed him to see near the front of the truck, a "blind spot" mirror, and a mirror on the top of the door which allowed him to see anything close to the door. [Doc. 142, P121, LL4-21]. Stanford explained that, while he initially believed he was not at fault to any degree for the collision because " . . . when [he] looked in [his] mirrors to start the lane change, it was a clear lane," his conclusion changed after reflecting on the collision. [Doc. 142, P127, LL1-15]. Stanford testified to his conclusion he was merging right when Plaintiff was merging left and that both drivers should have seen each other before the collision. *Id.*

Plaintiff bases her Motion to Amend the Jury Verdict on the Court instructing the jury that "[i]f you determine that Mr. Stanford, and thus defendant, New Prime, are liable to plaintiff, you will be asked to determine the percentage of plaintiff's fault, if any." [Doc. 144, P14, LL12-15; Doc. 146,  P1]. The Court also charged that "[a]ny contributing fault does not preclude plaintiff recovering – from recovering damages against the defendant to the extent of its percentage of responsibility unless you find that plaintiff is 50 percent or more responsible for

the accident. Ms. Dalcoe would not be entitled to recover any damages if she is 50 percent or more responsible for the accident." [Doc. 144, P14, LL16-22].

Prior to the jury hearing the instructions and retiring to deliberate, the Court held a charge conference. Plaintiff's counsel was present but noted there was no objection to the portion of the charges which are the subject of Plaintiff's Motion to Amend the Jury Verdict. *See generally* Doc. 143, P79, L16 through P107, L14. Indeed, Plaintiff never objected to the consideration of fault charge as originally proposed by the Court, and later, when a revised charge based on Defendant's objections was read to the parties, Plaintiff again advised there was no objection. [Doc. 143, P80, LL17-21; P105, LL20-21]. During a discussion about Defendant's objection to the consideration of fault and the Court's proposed modifications, Plaintiff's counsel reiterated that "[e]veryone knows in this court that the Court is being completely fair. I don't have any objections." [Doc. 143, LL23-24]. Finally, Plaintiff never asserted any objection when the verdict form, which included a space for the jury to apportion fault to Plaintiff, was presented to the parties. [Doc. 143, P102, L15 through P103, L6; P107, L15 through P108, L3].

## ARGUMENT AND CITATION OF AUTHORITY

### a. Legal Standard

Plaintiff filed her Motion to Amend the Jury Verdict under Rule 59(e) of the

Federal Rules of Civil Procedure. [Doc. 146]. Rule 59(e) allows courts to alter judgments "only where there is 'newly discovered evidence or manifest errors of law or fact.'" *United States Equal Employment Opportunity Commission v. St. Joseph's Hospital,* 842 F.3d 1333, 1349 (11th Cir. 2016). Rule 59(e) motions cannot be used to "relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment." *Michal Linet, Inc. v. Village of Wellington Florida,* 408 F.3d 757, 763 (11th Cir. 2005). The Eleventh Circuit Court of Appeals has also held it is improper for a party to use a motion under Rule 59(e) to "raise new legal theories or arguments, much less ones that contradict verdict forms or instructions that the moving party proposed to the district court." *United States Equal Employment Opportunity Commission,* 842 F.3d at 1349.

In addition, it is clear that a party cannot preserve an issue for appeal where the party failed to object to the jury instructions or verdict form as required by Rule 51 of the Federal Rules of Civil Procedure or at the charge conference before the jury deliberates. Fed. R. Civ. Pro. 51(b-d); *Farley v. Nationwide Mutual Insurance Company,* 197 F.3d 1322, 1329 (11th Cir. 1999). The Eleventh Circuit interprets Rule 51 "strictly" so the trial court has an opportunity to correct any error before the jury deliberates. *Id.* There are only two exceptions – where a party has made its

position clear to the court previously and another objection would be futile and where there has been a "fundamental error" or "miscarriage of justice." *Id.* The second exception is known as the "plain error" review and the *Farley* Court called plain error review "an extremely stringent" standard. *Id.*

When reviewing a jury's verdict, the Court must view all evidence "in the light most favorable to the [prevailing party] and [draw] all reasonable inferences and credibility choices in favor of the jury's verdict. *U.S. v. Trujillo,* 146 F.3d 838, 845 (11th Cir. 1998). The relevant inquiry is whether any rational fact finder could have reached the jury's conclusion. *Id.* But Courts are not permitted to "reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Christopher v. Florida,* 449 F.3d 1360, 1373 (11th Cir. 2006).

Unless the ruling turns on a question of law, a trial court's decision to alter or amend the verdict is reviewed for abuse of discretion. *United States Equal Employment Opportunity Commission v. St. Joseph's Hospital,* 842 F.3d 1333, 1343 (11th Cir. 2016). If there is a question of law, the Eleventh Circuit reviews the question of law *de novo. Id.*

**b. Plaintiff's Motion To Amend Should be Denied – there was Evidence Plaintiff was Partially at Fault and the Instructions Properly Guided the Jury in its Deliberations.**

When jury instructions are an accurate reflection of the law, a trial judge has wide discretion in the style and wording used in the instructions. *Roberts & Schaefer Co. v. Hardaway Co.,* 152 F.3d 1283, 1295 (11th Cir. 1998). The Eleventh Circuit Court of Appeals has held it will only "reverse the trial court because of an erroneous instruction" where there is "a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Id.* quoting *Carter v. DecisionOne Corporation,* 122 F.3d 997, 1005 (11th Cir. 1997).

Here, the jury instructions read by the Court were an accurate statement of Georgia law as provided by O.C.G.A. 51-12-33 ("Where an action is brought against one or more persons for injury . . . and the plaintiff is to some degree responsible . . . the trier of fact, in its determination of the total amount of damages to be awarded . . . shall determine the percentage of fault of the plaintiff . . ."). While Plaintiff would prefer to ignore Stanford's testimony and only rely on her own testimony that she was not changing lanes and not at fault for the accident, this type of cherry picking is not permitted when it comes to jury charges. [Doc.

141, P70, LL9-13]. Stanford's testimony that the lane was clear when he started moving into it and that he did not have a blind spot in his truck gave the jury a strong basis to conclude Plaintiff was negligent and was moving into the lane at the same moment as Stanford. [Doc. 142, P120, LL9-17; P121, L15-23].

That Stanford did not see Plaintiff's car before the collision does not require a different result. As Stanford explained on cross-examination, he knew Plaintiff was merging left because "she wasn't in that lane when [he] started merging into it" and he was sure despite not seeing her because he was "looking in [his] mirrors and there was nothing in that lane." [Doc. 142, P135, LL10-17]. This is circumstantial evidence that Plaintiff was moving into the lane when the collision occurred and, as this Court advised the jury during the preliminary instructions on the first day of trial, and during the jury instructions on the last day of trial, circumstantial evidence is just as valid as direct evidence. [Doc. 149, P141, L19 through P142, L9; Doc. 144, P8, LL17-25].

Thus, there is no "substantial and ineradicable doubt" that jury was properly guided here and Plaintiff's Motion should be denied. *Roberts & Schaefer Co. v. Hardaway Co.,* 152 F.3d 1283, 1295 (11th Cir. 1998).

**c. Plaintiff Has Waived Any Objection to the Charge on Plaintiff's Comparative Fault because Plaintiff's Counsel Failed to Object and Because Plaintiff's Proposed Verdict Form Included a Space for Plaintiff's Comparative Fault.**

As noted above, Plaintiff was required to object to the jury charge on comparative fault prior to the jury deliberating if Plaintiff sought to preserve the issue for appeal. Fed. R. Civ. Pro. 51(b-d); *Farley v. Nationwide Mutual Insurance Company,* 197 F.3d 1322, 1329 (11th Cir. 1999).  Plaintiff's counsel not only told the Court on two different occasions during the charge conference that Plaintiff had no objection to the Court reading the comparative fault charge which is the basis of the instant Motion to Amend, but Plaintiff's counsel also announced that "[e]veryone knows in this court that the Court is being completely fair. I don't have any objections" during a third discussion about the comparative fault charge. [Doc. 143, LL23-24; P80, LL17-21; P105, LL20-21].

In addition, Plaintiff apparently takes issue with this Court "explain[ing] the verdict form which called for the apportionment of liability." [Doc. 146, P1]. Ironically, the verdict form Plaintiff's counsel suggested the Court should use at trial on July 24, 2020 when the parties submitted the Consolidated Pre-Trial Order

also contained the same exact option for the jury to apportion liability to Plaintiff. [Doc. 65, P55-58]. Plaintiff's counsel again suggested the Court should use that same verdict form on June 7, 2022 after the Court asked the parties to consult one another and submit a single verdict form. (Email from Chauncey Barnwell dated June 7, 2022 at 12:04 p.m., attached as Exhibit "A"). Furthermore, as with the jury charges being contested here, the Court gave the parties an opportunity to discuss objections to the verdict form, but Plaintiff's counsel indicated his acceptance of the verdict form. [Doc. 143, P102, L15 through P103, L6; P107, L15 through P108, L3].

This case is remarkably similar to the *United States Equal Employment Opportunity Commission v. St. Joseph's Hospital,* 842 F.3d 1333, 1343 (11th Cir. 2016). In that case, the EEOC sued on behalf of a disabled nurse alleging St. Joseph's Hospital failed to provide a reasonable accommodation at work and wrongfully terminated her. *Id.* at 1337. Before trial, both parties submitted proposed verdict forms to the Court which required the jury to cease deliberations if it found the Hospital made a good faith effort to accommodate the plaintiff. *Id.* at 1341. After the jury found the Hospital made a good faith effort to accommodate and stopped deliberating, failing to award any money damages, the EEOC filed a Rule 59(e) motion to vacate the good faith finding of the jury and remand for a

trial on damages. *Id.* at 1342. The trial court granted in part the EEOC's Rule 59(e) motion but the Eleventh Circuit reversed, noting "motions under Rule 59(e) may not be used to raise new legal theories or arguments, much less ones that contradict verdict forms or instructions that the moving party proposed . . ." and finding the district court abused its discretion by allowing the EEOC to "correct [its] poor strategic choices." *Id.* at 1349 quoting *Mohammadi v. Islamic Republic of Iran,* 947 F.Supp.2d 48, 77 (D.D.C. 2013).

Just like in *United States Equal Employment Opportunity Commission,* Plaintiff indicated agreement to the jury being permitted to apportion fault to Plaintiff on four different occasions while the parties discussed jury charges and the verdict form and she even provided the Court with a verdict form where the jury could apportion fault to Plaintiff in 2020 and again insisted the Court use it just days before trial in 2022. [Doc. 143, LL23-24; P80, LL17-21; P105, LL20-21; P102, L15 through P103, L6; P107, L15 through P108, L3].

Rule 51 of the Federal Rules of Civil Procedure requires the parties to object to jury charges to which they take exception and for good reason – had Plaintiff's counsel raised this objection before trial, the Court could have considered it and made any necessary adjustments before the jury reached its verdict, avoiding the waste of resources which will result from an amendment to the jury's verdict or a

11

new trial. Fed. R. Civ. Pro. 51(b-d); *Farley v. Nationwide Mutual Insurance Company,* 197 F.3d 1322, 1329 (11th Cir. 1999). Plaintiff cannot show there was any "fundamental error" or "miscarriage of justice" here because the Court's charge was a correct statement of law supported by the testimony of William Stanford. *Id.* Thus, it would be reversible error to now allow Plaintiff to retrace her steps, "correct [her] poor strategic choices," and object to the jury charges and verdict form. *United States Equal Employment Opportunity Commission v. St. Joseph's Hospital,* 842 F.3d 1333, 1349 (11th Cir. 2016).

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests the Court deny Plaintiff's Motion to Amend Jury Verdict.

This 11th day of August, 2022.

Respectfully Submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
*/s/ Elizabeth L. Bentley*

ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone / (404) 888-6199 Fax
*beth.bentley@swiftcurrie.com*
*Attorney for Defendant*

12

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this brief has been prepared in compliance with the font and point selection approved by the Court as stated within Local Rule 5.1.

Respectfully Submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Elizabeth L. Bentley*

ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
**Swift, Currie, McGhee & Hiers, LLP**
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800 Phone
(404) 888-6199 Fax
*beth.bentley@swiftcurrie.com*
***Attorney for Defendant***

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MONISHA DALCOE,

     Plaintiff,

v.

NEW PRIME, INC.

     Defendant.

CAFN: 1: 19-CV-00549-AT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **Defendant's Response to Plaintiff's Motion to Amend Jury Verdict** upon all parties to this matter by filing same with the Clerk of Court using the CM/ECF (Pacer) system which will automatically send an electronic copy of same to all counsel of record and parties as follows:

C. NAPOLEON BARNWELL, ESQ.
BROWN BARNWELL, P.C.
30 Perimeter Park Drive, Suite 205
Atlanta, Georgia 30341

This 11th day of August, 2022.

By:     */s/ Elizabeth L. Bentley*
_____
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
**SWIFT, CURRIE McGHEE & HIERS, LLP**
4865-9156-0493, v. 2